IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY MICHAEL MARSHALL, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 08-CV-1031-JTM-DWB<br>) |
| BURNETT AUTOMOTIVE, INC., et al., | )<br>) |
| Defendants. | ) |

**AGREED PROTECTIVE ORDER**

The parties respectfully request that the Court enter this Agreed Protective Order, stating as follows:

1. The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential. Such information subject to confidential treatment includes documents and information as they relate to certain subject matters, including proprietary, trade secret, and other confidential, private, and sensitive information, including (but not limited to) sales data and records, customer information, business model and payment plan information, employee information, and payroll information, which may be produced in this litigation. In producing documents, a party shall designate the documents which should be subject to confidential treatment pursuant to this order by marking such documents as "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or words to that effect.

2. The parties agree the information described in paragraph 1 should be given the protection of an Order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. Among other risks of injury, disclosure of the above information potentially could result in invasion of privacy

interests, annoyance, embarrassment, or oppression to the parties. In addition, disclosure of such information may result in competitive disadvantage or harm to the defendants.

3. Any confidential documents and the information contained therein shall be disclosed only to the parties, managerial personnel of any party, counsel of record, counsel's staff personnel, and to any witnesses in the case (including experts) as may from time to time reasonably be necessary in the prosecution or defense of this action. Counsel shall advise all such persons above to whom confidential materials are disclosed pursuant to this Order of the existence of this Order. Further, counsel shall provide all such persons above who are not managerial personnel of any party or employed by counsel with a copy of this Order and request the execution of an affidavit in the form attached as Exhibit A prior to the disclosure of confidential information. The parties shall not be required to disclose the affidavits to the opposing party, but instead shall, as officers of the Court, ensure that such affidavits are signed before disclosing any confidential documents or information. Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof.

4. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

5. If any person having access to the confidential documents herein shall violate this Order, he or she shall be subject to sanctions by the Court.

6. Any party may, after first seeking to resolve the issues informally and without Court intervention, bring to the Court any problems arising from this Order and may seek an

order declaring documents designated as confidential by a party as not confidential.  Until the Court rules on such motion, documents designated as confidential still remain confidential under the terms of this Order.

7. In the event that documents or portions of transcripts designated as confidential are to deposited with the Clerk of the Court, the party seeking to file such documents shall first file a motion for leave to file under seal and shall comply with the requirements of Paragraph II(J) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means* which has been adopted by the Court and is posted on the Court's web page.

8. This Order, insofar as it restricts the communication and use of confidential documents and information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.  All documents designated for confidential treatment, and all copies or summaries thereof, shall be retained by the party-recipient for three years following the date of the final adjudication of this action.  After this three-year period, these documents shall be returned on request to the party that produced such materials.

9. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial (including any document previously produced as a confidential document herein), or oppose the production or admissibility of any information or documents which have been requested.

10. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms as the scope of discovery dictates.

IT IS SO ORDERED.

Dated this 28th day of April, 2008, at Wichita, Kansas.

 s/  DONALD W. BOSTWICK
Donald W. Bostwick
U.S. Magistrate Judge

APPROVED:

FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Tel:  (316) 291-9716
Fax:  (866) 738-3152

By:   */s/ Boyd A. Byers*
    Boyd A. Byers (Kan. #16253)
    Zachary C. Jones (Kan. #23113)
      *Attorneys for Plaintiff*

THE HALBROOK LAW FIRM, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
Tel:  (913) 529-1188
Fax:  (913) 529-1199

By:   */s/ Mark J. Galus*
    Karen J. Halbrook (Kan. #14299)
    Mark J. Galus (Kan. #21470)
    Eric K. Lau (Kan. #22059)
      *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GARY MICHAEL MARSHALL, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-CV-1031-JTM-DWB |
| BURNETT AUTOMOTIVE, INC., et al., | ) ) | |
| Defendants. | ) | |

### **AFFIDAVIT OF _____**

STATE OF _____  )
                                                   )  ss.
COUNTY OF _____  )

1. My name is _____. I live at _____ _____.

2. I am aware that a Protective Order has been entered in *Marshall v. Burnett Automotive, et al.*, Civil Action No. 08-CV-1031-JTM-DWB, currently pending in the United States District Court for the District of Kansas, and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Protective Order are being disclosed to me only upon the condition that I agree to be subject to that Order. I hereby agree to abide by and be bound by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order.

4. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand

that any use of such confidential information in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of this Court for contempt.

5. I promise that I will not disclose or discuss such confidential documents or information with any person other than the parties, and counsel for the parties or members of their staff.

FURTHER AFFIANT SAITH NOT.

                                                                                                              _____
Signature of Affiant

                                                        _____
Affiant's Printed Name

On this _____ day of _____, 2008, before me, a Notary Public in and for said State, personally appeared _____, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as his/her free act and deed and for the purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal on the day and year first above written in the County and State aforesaid.

                                                       _____
Notary Public

My Commission Expires: